# Nixon v. The State.

*Indictment for Removing or Selling Mortgaged Property.*

1. *Description of mortgage, &c., in indictment; variance.*—In an indictment for removing mortgaged property (Rev. Code, § 3705), the form prescribed (No. 39, p. 812,) did not require any particular description of the mortgage or other written instrument, and there is nothing in the amendatory act (Sess. Acts 1874-5, p. 259) which requires a change of the form in this particular; consequently, if the indictment, not purporting to give a precise description of the instrument creating the lien, speaks of it as "executed by *him* [defendant] to the said W. W.," this averment does not prevent the introduction in evidence of an instrument executed by the defendant and another to said W.

2. *Sufficiency of indictment; alternative averments.*—An indictment under this statute may allege, in the alternative, that the defendant "did sell, remove, or conceal one bale of cotton," &c.

3. *Admissibility of defendant's declarations in his own favor; subsequent settlement of mortgage debt.*—In a prosecution under this statute, the defendant's own declarations to the purchaser, at the time of the sale of the mortgaged property, as to his reasons for selling it, are not competent evidence for him; nor can he be permitted to show a subsequent settlement and satisfaction of the mortgage debt.

FROM the Circuit Court of Butler.

Tried before the Hon. JNO. K. HENRY.

The indictment in this case was found at the December term of said court, 1875, and charged that, before the finding thereof, "*Matthew Nixon* did sell, remove, or conceal one bale of cotton, for the purpose of hindering, delaying, or defrauding W. W. Wilkinson, who had a written mortgage or lien thereon for advances, with a knowledge of the existence of such mortgage or lien," [which] "was executed by him to the said W. W. Wilkinson, and duly recorded and probated according to law; against the peace," &c. After conviction, the defendant moved in arrest of judgment, on the ground that the indictment was indefinite, uncertain, and bad for duplicity; but the court overruled the motion, and held the indictment sufficient.

"On the trial," as the bill of exceptions states, "the defendant having pleaded not guilty, and the indictment having been read to the jury, the State offered to read in evidence a mortgage from *M. G. Nixon* and *J. L. Stephens* to W. W. Wilkinson; to the reading of which the defendant objected, but without stating any ground of objection. The

court overruled the objection, and allowed the said mortgage to be read to the jury; to which the defendant .excepted." This mortgage was dated the 4th June, 1875, purported to be given for advances to make a crop, and bound the mortgagors to deliver one bale of cotton to the said W. W. Wilkinson, on or before the 1st day of October, 1875. "The State then introduced John M. Sims as a witness, who testified that, about the middle of October, or November, 1875, at Georgiana, in said county, he bought a bale of cotton from the defendant, the weight of which he did not remember, at eleven cents per pound. The defendant proposed to prove by this witness, on cross-examination, what he (defendant) said to him at the time of the sale, as to his reason for selling the cotton; but the court, on the objection of the prosecuting attorney, refused to permit said witness to testify as to any declarations of the defendant at the time of the sale, that being after the removal of the cotton by him; to which ruling of the court the defendant excepted. The defendant further proposed to prove that Jas. H. Stuart was the agent of said W. W. Wilkinson, and, as such agent, made statements as to the settlement and satisfaction of the mortgage after the removal and sale of said bale of cotton. The solicitor objected to any statement of Stuart, as the agent of Wilkinson, he not being a party, and the statements having been made after the removal and sale of the cotton, and the said Stuart being then in court as a witness. The court sustained the objection, and would not allow the statements of said Stuart to go to the jury; to which the defendant excepted. The State then introduced said Stuart as a witness, who testified, in substance, that he was the agent of said W. W. Wilkinson, and had said mortgage in his possession, and went to see the defendant about it, who lived in said county, about the time it matured; that the defendant then told him that he had disposed of no cotton, but would let him have some soon; that about one week afterwards, or less, having ascertained that the defendant had disposed of a bale of cotton raised by him that year, he went back to see him, and told him of the fact; and that the defendant replied, 'Yes, you are too fast for me; you have caught me: I did sell the bale of cotton.'" This witness further testified to a subsequent agreement between himself, as the agent of Wilkinson, and the defendant, as to the settlement of the mortgage debt, and that this settlement left a small balance still unpaid; while the defendant introduced a witness who testified that this balance was afterwards paid in corn, before the commencement of this prosecution. "This was, in substance, all the testimony in the case. It was contended by the de-

[Nixon v. The State.]

fendant's counsel, in argument, that the defendant had a right to sell and dispose of a part of the property in the mortgage, provided he left a sufficiency to satisfy the mortgage. On this branch of the case, the court charged the jury, that if the defendant executed the mortgage read in evidence, he had no right to remove or sell the mortgaged property after the mortgage debt fell due, and before it was paid, without the consent of Wilkinson; and if he did so sell the mortgaged property, or any part thereof, without the knowledge or consent of Wilkinson, or his agent, and this was done by him for the purpose of hindering, delaying, or defrauding said Wilkinson in the collection of his said debt, they would be authorized to convict the defendant. To this charge the defendant excepted."

GAMBLE & BOLLING, for the defendant.

JNO. W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—The indictment in this cause was founded on the act of February 13th, 1875, "to amend section 3705 (159) of the Revised Code," enacting that "Any person who removes, conceals, or sells any personal property, for the purpose of hindering, delaying, or defrauding any person who has a claim thereto under any written instrument, lien created by law for rent or advances, or any other lawful or valid claim, verbal or written, with a knowledge of the existence thereof," shall, on conviction, be punished as if he had stolen the same. There was a form prescribed in the Revised Code (p. 812, No. 39) for the offense denounced by section 3705, before the amendment of it as above; according to which form, it was not necessary that there should be any description, or special mention, of the written instrument which the section then required as the basis of the claim that was intended to be protected by provisions in the laws against crimes; and the change made by the statute does not require any change of the form, in this particular. When, therefore, after the words in the indictment, "with a knowledge of the existence of said mortgage or lien," it was added that it was "executed by him to the said Wilkinson," &c., this addition was wholly unnecessary. No description of the instrument was required by law, and evidently a precise description was not intended. What was said about it in the indictment might, though, have the effect of restricting the prosecution to evidence of an instrument creating the lien, not at variance with the one described.—1 Bish. Cr. Proc. § 485. But, whether it would or not, the averment in

[Brown v. The State.]

this indictment does not prevent the introduction of a deed,
like the one objected to in the court below, which was in
fact executed by defendant, although by another person
also, to Wilkinson. There was no error, therefore, in allow-
ing this instrument to be read in evidence.

2. Nor was the indictment bad because it charges in the
alternative, following the words of the statute, that defend-
ant "did sell, remove, or conceal, one bale of cotton." This
form of accusation is expressly authorized by sections 4123
and 4125 of the Revised Code.

3. What defendant said at the time he sold the bale of
cotton to the witness Sims, about the reason why he sold it,
was properly excluded. He could not be permitted to make
evidence for himself in that way. Nor was there any error
in refusing to permit the defendant, upon a cross-examina-
tion of the witness Sims, to show that one Stuart, who was
then in court as a witness in the cause, but had not been ex-
amined, was agent of Wilkinson, and had, since the bale of
cotton was disposed of, said that a settlement and satisfac-
tion had been made by defendant, of the debt for which the
mortgage was given. No predicate had been laid for an im-
peachment of Stuart; and defendant could not, by any
transaction of his, after the commission of an offense
against the laws, suspend or prevent their operation. We
find no error in the charge of the court that was excepted to.

The judgment must be affirmed.